## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

WILLIAM H. GROSSE,

      Petitioner,

v.

                              No. CV 13-273 JCH/CG

STATE OF NEW MEXICO,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court from William H. Grosse's pro se *2254 Federal Petition for Writ of Habeas Corpus* ("Petition"), filed on March 18, 2013, (Doc. 1), together with his *2254 Federal Petition for Writ of Habeas Corpus, Supplement of Newly Discovered Facts* ("Supplement"), filed on May 20, 2013 (Doc. 9), *Respondent's Answer to William H. Grosse's* Pro Se *Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [DOC.1]* ("Answer"), filed on April 29, 2013, (Doc. 6), and *Respondent's Supplemental Brief Regarding William H. Grosse's* Pro Se *Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc. 1]* ("Supplemental Brief"),, filed July 5, 2013, (Doc. 11).[1] Petitioner seeks habeas relief under 28 U.S.C. § 2254 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). After careful review and consideration of the filings, the Court **RECOMMENDS** that the Petition, with any appending documents, be **DISMISSED**

---

1 The Court follows the "prison mailbox" rule. For the prison mailbox rule to apply, Petitioner must show that he used the prison's legal mail system, or submit a declaration in compliance with 28 U.S.C. § 1746 or notarized statement setting forth the date of deposit with prison officials and attest that postage was prepaid. *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005). The date of the prisoner's signature on the document establishes the date of delivery to prison mailroom personnel. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). Petitioner's Supplement bears no date so the Court must defer to the date the Clerk of the Court received and entered the document.

**WITH PREJUDICE**.

I.    **Background**

William H. Gross ("Petitioner") was arrested for drug-related activities on May 7, 2008. (Doc. 1 at Ex. B). On or around May 6, 2008 the State of New Mexico charged Petitioner with the following crimes:

Count 1: Trafficking (by Distribution) on or about January 22, 2008;

Count 2: Conspiracy to Commit Trafficking (by Distribution) on or about January 22, 2008;

Count 3: Trafficking (by Distribution) on or about January 22, 2008;

Count 4: Conspiracy to Commit Trafficking (by Distribution) on or about January 22, 2008;

Count 5: Trafficking (by Distribution) on or about January 29, 2008; and

Count 6: Conspiracy to Commit Trafficking (by Distribution) on or about January 29, 2008.

(Doc. 6 at Ex. Q). Petitioner was subsequently indicted on all counts by a New Mexico Grand Jury. (Doc. 1 at Ex. C). Petitioner entered into a *Repeat Offender Plea and Disposition Agreement* ("Plea Agreement"), (Doc. 6 at Ex. B), pleading guilty to Counts 1, 2, and 6. The State dismissed all of the remaining charges and agreed not to pursue habitual offender proceedings. (Doc. 6 at Ex. B at ¶ 4). On October 22, 2009 a *Judgment and Order Partially Suspending Sentence* ("Judgment") was entered, and Petitioner was sentenced to fifteen years imprisonment and two years of parole, with twelve of those years to be suspended. (Doc. 6 at Ex. A). He served less than a year of his prison sentence before being released and placed under "probation supervision" for a period of five years, beginning on August 3, 2010. (Doc. 6 at Ex. G at 1).

2

Since his release from prison, Petitioner's probation has been revoked twice due to continuing problems with alcohol. (Doc. 6 at Exs. H, J, M; Doc. 11 at Ex. A). Specifically, on November 18, 2012 the state district court revoked Petitioner's supervised probation, "resentenced" him to serve additional time in prison (resulting in a "time-served order"), and reinstated his restricted, supervised probation. (Doc. 6 at Ex. J). On April 30, 2013 Petitioner admitted to violating his probation again, and the state district court revoked his probation and then placed him on restricted, unsupervised probation as per an order entered May 20, 2013. (Doc. 11 at Ex. A).

## II.    Alleged Grounds for Relief

Petitioner brought this application for habeas corpus relief pursuant to 28 U.S.C. § 2254 while being held in the Doña Ana County Detention Center and awaiting the outcome of the State's most recent application to revoke his probation. Petitioner alleges three grounds of fundamental error related to his conviction and sentence. (Doc. 1 at 4; Doc. 9 at 1-3). First, Petitioner contends that he was "unlawfully charged with two felony counts [Counts 5 and 6] issued in flaw during the indictment[.]" (Doc. 1 at 4). Next he claims that his guilty plea to Counts 1, 2, and 6 was the result of ineffective assistance of counsel. (Doc. 1 at 4). Specifically, Petitioner argues that his attorney, Kirby Wills, was ineffective because he (i) failed to remove Counts 5 and 6 from the Grand Jury Indictment, (ii) colluded with the district attorney to force Petitioner to plead guilty to charges that did not exist, and (iii) failed to investigate a potential conflict of interest the district attorney allegedly had in the case. (Doc. 1 at 5-7). Finally, and for the first time on post-conviction review, Petitioner alleges that he was unlawfully convicted of Count 6 because the Plea Agreement states that offense occurred on a different date than is

3

listed in the Grand Jury Indictment and Criminal Complaint.[2]  (Doc. 9 at 2-6).

Petitioner did not seek direct appeal of his conviction. In fact, Petitioner agreed to give up any and all "motions, defenses, and objections" related to the entry of judgment and sentencing, and waived the right to appeal the conviction resulting from the entry of the Plea Agreement. (Doc. 6 at Ex. B. at 3). However, he filed a state habeas application in the Third Judicial District Court of New Mexico on August 9, 2010, alleging many of the same arguments he makes in this Petition. (Doc. 6 at Ex. C). The state district court summarily dismissed that habeas petition on September 23, 2010. (Doc. 6 at Ex. D). Petitioner followed up with an application for writ of certiorari with the New Mexico Supreme Court on October 21, 2010, (Doc. 6 at Ex. E). That request was denied on November 15, 2010. (Doc. 6 at Ex. F). Petitioner did not request re-hearing by the New Mexico Supreme Court or seek review of the denial from the U.S. Supreme Court. Petitioner's next action was the filing of the Petition on March 18, 2013.

### III.  Analysis

#### a.  Standard of Review

Petitioner is a *pro se* litigant. His pleadings must be construed liberally and held to a less stringent standard than is required of a party represented by counsel. *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Liberal construction requires courts to make some allowance for a *pro se* litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his

---

2  The Plea Agreement states that the Petitioner agreed to plead guilty to "Conspiracy to Commit Trafficking (by Distribution), a third degree felony, contrary to §30-31-20(A)(2), NMSA 1978, occurring on or about February 6, 2008, as charged in Count 6 of the Grand Jury Indictment." (Doc. 6 at Ex. B at 1). The Grand Jury Indictment and Criminal Complaint state that Count 6 occurred "on or around January 29, 2008." (Doc. 1 at Ex. C, Doc. 6 at Ex. Q)

unfamiliarity with pleading requirements[.]" *Garrett v. Selby, Connor, Maddox & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall,* 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

>        b.  *Petition is Barred by the Limitations Period*

Respondent contends that Petitioner's Petition is untimely pursuant to 28. U.S.C. § 2244(d)(1) if the underlying conviction and sentencing were "final" for AEDPA purposes on November 23, 2009.[3] (Doc. 11 at 7-8). The AEDPA establishes a one-year period within which a prisoner must file his petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one year limitation period begins to run from the latest of:

> (a) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (b) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Each claim, and not the petition as a whole, is entitled to its own Section 2244(d)(1) analysis. *See Prendergast v. Clements*, 699 F.3d 1182, 1187 (10th Cir. 2012).

Respondent asserts that the Court should calculate the limitations period in this case from the date the judgment became "final" as per § 2244(d)(1)(A). Petitioner has

---

3 The Court recognizes Respondent's Supplemental Brief as an amendment to its Answer pursuant to Fed. R. Civ. P. 8(c), 12(b) and 15(a), made with the express leave of the Court. (Doc. 10). *See Day v. McDonough*, 547 U.S. 198, 202 (2006).

not made any arguments to the contrary, except to state that the claim alleged in the Supplement is based on newly-discovered facts. This implicates the application of Section 2244(d)(1)(D) to the new claim, which provides that the limitations period begins on the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence. Petitioner states that he only just discovered the error in the Plea Agreement, presumably as a result of the State attaching it as an exhibit to its Answer. However, the Court notes that Petitioner reviewed, signed, and put his fingerprint on the Plea Agreement on November 30, 2009. (Doc. 6 at Ex. B). He attested that he "read and underst[ood]" its substance. (Doc. 6 at Ex. B at 4). The Plea Agreement related to the grounds for relief alleged in his state habeas petitions, and therefore he had incentive to request a copy of the Plea Agreement from the State, his former attorney, or the Doña Ana District Clerk. Furthermore, Petitioner has been out of prison for the majority of the time since he initiated post-conviction review, and has had more resources at his disposal than if he had been in prison. Therefore Petitioner's argument is belied by the record before the Court, which indicates he did not seek information about his case diligently. Petitioner is not entitled to a limitations calculation based on § 2244(d)(1)(D) for his newest claim, and the Court agrees with Respondent that § 2244(d)(1)(A) should be applied to all of Petitioner's claims. Petitioner's claims shall be calculated for limitations purposes from the date the judgment became "final."

In a criminal case the judgment does not become "final" for § 2244(d)(1)(A) purposes until "both the conviction and sentence become final by the conclusion of direct review or the expiration of the time for seeking such review." *Burton v. Stewart*, 549 U.S. 147, 156-157 (2007); *United States. v. Burch*, 202 F.3ed 1274, 1278 (10th Cir. 2011). All

of the alleged claims set forth by Petitioner arise from the adjudication of guilt and

sentencing that was memorialized in the Judgment dated October 22, 2009. Since

Petitioner did not challenge the Judgment on direct review, it became "final" on

November 23, 2009, which was thirty days after the Judgment was entered and the last

day Respondent could have sought direct review. *See* N.M.S.A. § 39-3-3(a)(1) (1978).

Petitioner asserts that the last actions in his criminal case for habeas purposes

were the probation-revocation proceedings. (Doc. 1 at 11). However, claims arising from

the revocation of Petitioner's probation are not before the Court. The orders that revoked

and reinstated Petitioner's probation do not resuscitate and re-commence the running of

the limitation period for claims arising from the underlying conviction and sentence. *See*

*generally Prendergast v. Clements*, 699 F.3d at 1187-88. *See also Williams v. Werholtz*,

No. 09-3097-SAC, 2010 U.S. Dist. LEXIS 120675, *3 (D. Kan. Nov. 12, 2010)

(unpublished); *Wright v. Florida*, No. 8:06-CV-1704-T-27EAJ, 2008 U.S. Dist. LEXIS

37102, at *10 (M.D. Fla. May 6, 2008) (unpublished) ("probation revocation did not

resurrect, toll or otherwise extend the one year limitation period" for federal habeas

claims related to the original conviction*); Williams v. Vasbinder*, No. 05-73471-DR, 2006

U.S. Dist. LEXIS 51469 (E.D. Mich. July 27, 2006) (unpublished). To hold otherwise

would create a "perverse incentive" for untimely petitioners to commit an infraction in

order to incur resentencing or revocation of probation so that they can resuscitate the

time-barred claims. *See Prendergast*, 699 F.3d at 1187. Therefore the probation

proceedings do not affect the finality of the Judgment in connection with the claims now

before the Court.

In this case, the presumptive statute of limitations date was one calendar year after

7

the day the judgment became final, or November 23, 2010. However, Petitioner filed for

state post-conviction relief on August 9, 2010.[4] (Doc. 6 at Ex. C). A federal habeas

petitioner is entitled to statutory tolling of limitations once he properly files an application

for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2). The statute of

limitations was tolled pending the outcome of Petitioner's state habeas petitions, or until

November 15, 2010, which was a total of 98 days.[5] Therefore, the statute of limitations

period was extended 98 days from November 23, 2010, or until March 1, 2011. *See Harris

v. Dinwiddie*, 642 F.3d 902, 907 n. 6 (10th Cir. 2011) (undertaking a similar analysis to

calculate the statute of limitations where the claims were entitled to statutory tolling).

Petitioner did not file for federal habeas relief until March 18, 2013, and therefore none of

his claims are timely.

       c.  Equitable Tolling

     The Supreme Court has held that § 2244(d)(1) is subject to equitable tolling in

certain cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Equitable tolling is

available only in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799,

808 (10th Cir. 2000). "A petitioner is entitled to equitable tolling if he shows (1) that he has

---

4 Petitioner does not get the benefit of the "prison mailbox" rule in this instance, because he only attested that he served a copy of the state habeas petition on the district attorney on "3-5 2010." (Doc. 6 at Ex. C); *See Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) (holding the prison mailbox rule did not apply because prisoner "delivered the petition to prison authorities so they could forward it to his lawyer, not the clerk of the court."). Further, Petitioner was free from prison and out on probation beginning August 3, 2010 which was seven days before the document was received and entered by the district court clerk. Even if the Court gave the Petitioner the benefit of the prison mailbox rule for this particular filing, the Petition would still not be timely filed.

5  The New Mexico Supreme Court's decision to deny collateral review became final, and statutory tolling ended, on November 15, 2010 because Petitioner did not seek re-hearing or file for new post-judgment relief. Petitioner's decision not to pursue a writ of certiorari with the U.S. Supreme Court does not affect the Court's calculation, because such petitions filed in connection with post-conviction or collateral review of state judgments are not entitled to statutory tolling under § 2244. *See Lawrence v. Florida,* 549 U.S. 327, 334 (2007).

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (internal quotations omitted). Claims of insufficient access to the relevant law or excusable neglect are not sufficient to support equitable tolling. *See Gibson*, 232 F.3d at 808.

Petitioner has been out of prison and on probation since before he commenced state habeas proceedings. The Petition is substantively a recitation of the same facts and grounds for relief he asserted in his state habeas petitions. Petitioner did not take any action to challenge his conviction during the critical period after the New Mexico Supreme Court denied his relief, and has not given any reason for the delay. The fact that Petitioner waited to file for federal habeas relief after his most recent run in with the law is not lost on the Court. Petitioner has not sufficiently shown that he diligently pursued his rights to support a grant of equitable tolling in the face of an extraordinary circumstance. Therefore, this Court finds that the Petition, with any and all appending documents, is time-barred.[6]

## IV.   Conclusion

Because Petitioner did not commence this habeas corpus action within the one-year limitation period, the Court concludes this matter is time-barred.

**IT IS RECOMMENDED** the *2254 Federal Petition for Writ of Habeas* Corpus (Doc. 1) and *2254 Federal Petition for Writ of Habeas Corpus, Supplement of Newly Discovered Facts* (Doc. 9), be dismissed with prejudice and all requested relief should be

---

6 Petitioner may still seek habeas relief for claims arising from either of the proceedings revoking his probation, if such claims exists. *See Thomas v. Timme*, No. 13-cv-01378-WJM, 2013 U.S. Dist. LEXIS 101935 (D. Colo. July 22, 2013) (unpublished*)* (holding that probation revocation starts a new limitations period for federal habeas purposes with regard to claims related to the revocation).

**DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).   **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE